
RECEIVED
JAN 20 2026
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# COLUMBUS DIVISION

Robert L. Pinckney Jr.

Plaintiff,

v. Case No._____

CITY OF COLUMBUS, OHIO;
OFFICER JOHN DOE 1#;
OFFICER JOHN DOE 2#;
OFFICER JOHN DOE 3#;
SERGEANT JOHN DOE;
Defendants.

2:26 CV 0072

JUDGE MARBLEY

MAGISTRATE JUDGE DEAVERS

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. 1983)

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments and 42 U.S.C. 1983
2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343.
3. Venue is proper in the District under 28 U.S.C. 1391 because the events giving rise to this action occurred in Delaware County and Columbus, Ohio.

## II. PARTIES

4. Plaintiff Robert L. Pinckney Jr is a resident of the State of Ohio.
5. Defendant City of Columbus, Ohio, is a municipal corporation responsible for the policies, practices, training, and supervision of Columbus Police Department officers.
6. Defendants Officer John Doe #1-#3 and Sergeant John Doe were sworn police officers Acting under color of state law at all relevant times.

## III. FACTUAL ALLEGATIONS

7. On or about February 14, 2025, Plaintiff was taken into custody by Columbus Police officers.
8. Plaintiff was handcuffed and restrained and did not pose an immediate threat to Officers or others.
9. While handcuffed, Plaintiff was punched in the eye and struck in the head with a forearm, causing head, neck, and back injuries.
10. Officers used force despite Plaintiff being restrained, including actions that re-injured a previously separated shoulder.
11. Plaintiff was later dry-tased while handcuffed and strapped to a gurney.
12. Plaintiff was administered ketamine while restrained, without adequate assessment of what substances were already in Plaintiff's system.
13. During transport, Plaintiff sustained additional head injuries.
14. Plaintiff experienced seizures following the incident.
15. Upon arrival at the Delaware County jail, medical staff denied Plaintiff intake due to the severity of injuries, and Plaintiff was transported to the hospital.
16. Plaintiff was admitted to Grant Medical Center from February 14 through February 16, receiving treatment for head injuries, neck and lower back injuries, and other trauma.
17. Plaintiff continues to experience ongoing neck pain, emotional distress, and trauma related to the incident.
18. At least one supervising sergeant admitted on body-worn camera that officers Involved lacked adequate training.
19. Several officers involved had body-worn cameras turned off during critical portions of the incident.
20. At all relevant times, Defendants acted under color of law and within the scope of their employment.

## IV. CLAIMS FOR RELIEF

### COUNT I

**Excessive Force – Fourth Amendment**
**(42 U.S.C. 1983)**

21. Defendants used objectively unreasonable and excessive force against Plaintiff while plaintiff was restrained, in violation of the Fourth Amendment.
22. The force used was unnecessary, disproportionate, and inflicted without lawful justification.

### COUNT II

**Failure to Intervene**
**(42 U.S.C. 1983)**

23. Defendant officers had the opportunity and duty to intervene to prevent the use of excessive force and failed to do so.

### COUNT III

**Municipal Liability (Failure to Train and Supervise)**
**(Monell Claim – 42 U.S.C. 1983)**

24. The City of Columbus maintained policies, customs, or practices that resulted in unconstitutional use of force.
25. The City failed to adequately train and supervise officers regarding use of force, restraint of detainees, medical emergencies, and body-worn camera usage.
26. These failures were a moving force behind Plaintiff's injuries.

### COUNT IV

**State-Law Assault and Battery**
**(Against Individual Defendants)**

27. Defendants intentionally and unlawfully caused harmful of offensive contact with Plaintiff.

## V. DAMAGES

28. As a direct and proximate result of Defendants' actions, Plaintiff suffered:
    Physical injuries
    Pain and suffering
    Emotional distress and trauma
    Medical expenses
    Ongoing physical and psychological harm
29. Plaintiff seeks compensatory damages, punitive damages (against individual officers and City of Columbus), costs, and any other relief the Court deems just and proper.

## VI. JURY DEMAND

30. Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

A. Enter judgement in Plaintiff's favor;
B. Award compensatory and punitive damages;
C. Award costs and fees as allowed by law;
D. Grant such other relief as the Court deems just and proper.
Respectfully submitted,

Robert L. Pinckney Jr
Plaintiff, Pro Se
6630 Estate View Dr. North
Blacklick, Ohio, 43004
Pinck868toe@yahoo.com